United States District Court
Southern District of Texas
**ENTERED**
June 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff. | § § | CIVIL ACTION NO. 3:25-cv-00221 |
| VS. | § § | |
| KATHLEEN ANNE JONES, *et al.*, | § § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On August 15, 2025, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 12. Judge Edison filed a memorandum and recommendation on May 27, 2026, recommending that Defendant Katelyn A. Mathis's motion for summary judgment (Dkt. 24) be granted, and Defendant Kathleen Anne Jones's motion for summary judgment (Dkt. 25) be denied. *See* Dkt. 31.

On June 9, 2026, Jones filed her objections to the memorandum and recommendation. *See* Dkt. 32. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

Jones makes one argument in her objections that she did not raise before Judge Edison. She complains that "[t]he Court cannot grant Mathis' Motion for Summary Judgment in the absence of supporting pleadings." Dkt. 32 at 9. This argument is meritless. The interpleader action puts the parties on notice of the adverse claims to the proceeds. To the extent that supporting pleadings are required, the answer filed by Mathis's predecessor in interest states that she believes that "a valid and irrevocable informal settlement agreement was signed by Jones and Decedent[,]" and "denies the validity of a revocation of said irrevocable informal settlement agreement." Dkt. 11 at 2. This puts Jones on notice that the representative of Ellis's estate is seeking the proceeds from the life insurance policy that have been deposited into the registry of the court. Moreover, Mathis was properly substituted as the defendant in place of Sharon Ellis, the temporary administrator of the estate of Kenneth N. Ellis. *See* Dkt. 23.

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. It is therefore ordered that:

(1)   Judge Edison's memorandum and recommendation (Dkt. 31) is approved and adopted in its entirety as the holding of the court;

(2)   Mathis's motion for summary judgment (Dkt. 24) is granted;

(3)   Jones's motion for summary judgment (Dkt. 25) is denied; and

(4)    Mathis is ordered to tender a lump-sum payment of $30,000 to Jones in the form of a money order or cashier's check within seven days to finalize performance of the Agreement.

SIGNED on Galveston Island this 17th day of June 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

3