United States District Court
Southern District of Texas

**ENTERED**

July 23, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, §§§ | |
| Plaintiff. § | |
| § | CIVIL ACTION NO. 3:25-cv-00221 |
| V. § | |
| § | |
| KATHLEEN ANNE JONES, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before me is a motion for disbursement of funds filed by Defendant Katelyn A. Mathis, Independent Administrator with Will Annexed of the Estate of Kenneth N. Ellis, Deceased. *See* Dkt. 35.

This is an interpleader dispute regarding the proceeds of a life insurance policy. On May 27, 2026, I issued a memorandum and recommendation finding that, pursuant to a settlement agreement between Ellis and Defendant Kathleen Anne Jones, Mathis is entitled to the policy's proceeds provided Mathis pays $30,000 to Jones to finalize Ellis's performance of the settlement agreement. *See* Dkt. 31. Judge Brown adopted my memorandum and recommendation on June 17, 2026. *See* Dkt. 33. On July 2, 2026, Jones appealed that decision to the Fifth Circuit. *See* Dkt. 34.

On July 10, 2026, Mathis filed a motion for disbursement of funds. *See* Dkt. 35. Jones opposes disbursement. Jones contends that her appeal "prevents this Court from additional adjudication of facts on the matter" and "divests the district court of jurisdiction over those aspects of the case on appeal." Dkt. 37 at 4.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The district court retains only the

power, in limited circumstances, to act "in aid of the appeal or to correct clerical errors." *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984). Because Jones filed an appeal on July 2, 2026, the Fifth Circuit now has jurisdiction over this case. This court's "power in aid of the appeal does not extend to *approving disbursement of the funds in accordance with the very order being appealed.*" *Garrick v. Weaver*, 888 F.2d 687, 695 (10th Cir. 1989). Accordingly, this court is without jurisdiction to order disbursement of funds in the registry of the court until this case is returned from the Fifth Circuit.

SIGNED this **23** day of July 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE